

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00436-CR

ARMANDO HURTADO                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1451716D

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Armando Hurtado guilty of theft of property with a value of $2,500 or more but less than $30,000, found both of the allegations in the "State Jail Felony Second-Degree Enhancement Notice" to be true, and assessed his punishment at twenty years' confinement. The trial court sentenced Hurtado in accordance with the jury's recommendation and assessed

---

[1]See Tex. R. App. P. 47.4.

court costs of $319, which included $133 for consolidated court costs. In a single point, Hurtado challenges the constitutionality of section 133.102(a)(1) of the Texas Local Government Code under which the consolidated court cost was assessed. For the reasons set forth below, we will affirm.[2]

Section 133.102(a)(1) states that a person convicted of an offense shall pay as court costs, in addition to all other costs, $133 on conviction of a felony. Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2016). Section 133.102(e) further requires the comptroller to allocate the $133 court costs to fourteen accounts and assigns percentages to each account. *Id.* § 133.102(e).

The Texas Court of Criminal Appeals recently examined the fourteen accounts listed in section 133.102(e) and determined that two accounts were not related to a legitimate criminal justice purpose but were more accurately characterized as a tax, thus rendering section 133.102 facially unconstitutional. *See Salinas v. State*, No. PD–0170–16, 2017 WL 915525, at *4, *5 (Tex. Crim. App. Mar. 8, 2017) (holding that subsections (e)(1) and (6), which allocated portions of the $133 consolidated court costs to comprehensive rehabilitation and abused children's counseling, violated the Separation of Powers provision of the Texas constitution). The remedy was to modify the judgment to change the $133 consolidated court costs to $119.93. *Id.* at *7. The court of criminal appeals, however, limited the application of its holding to the following:

---

[2]Because Hurtado challenges only the constitutionality of the consolidated court costs he was assessed, we omit a factual background.

> We will also apply our constitutional holding in this case to any defendant who has raised the appropriate claim in a petition for discretionary review before the date of this opinion, if that petition is still pending on the date of this opinion and if the claim would otherwise be properly before us on discretionary review. Otherwise, our holding will apply prospectively to trials that end after the date the mandate in the present case issues.

*Id.* at *6. The court of criminal appeals further stated in a footnote following the previous paragraph that if the legislature redirected the funds in sections (e)(1) and (6) to a legitimate criminal justice purpose, then the entire consolidated court cost "may be collected. If that occurs before mandate issues, the only cases that will be affected by this opinion will be the few that are now pending in this Court and are appropriate for relief." *Id.* at *6, n.54. The legislature did exactly what the court of criminal appeals had suggested in its footnote; it deleted former sections (e)(1) and (6), added their percentages to the fair defense account in former section (e)(14), and made the new percentage effective June 15, 2017, which preceded the mandate that issued in *Salinas* on June 30, 2017. *See* Tex. Loc. Gov't Code Ann. § 133.102(e) (West, Westlaw through 2017 R.S.).

Here, Hurtado does not argue that he falls within one of the groups described above that is entitled to relief but instead argues that because he "has raised the identical argument [as *Salinas*] in his appellate process," we should apply the same remedy to his appeal. This court has recently addressed Hurtado's argument in *Horton v. State*, No. 02-16-00229-CR, 2017 WL 1953333, at *5 (Tex. App.—Fort Worth May 11, 2017, pet. filed), and *Hawkins v. State*, No. 02-16-00104-CR, 2017 WL 1352097, at *3 (Tex. App.—Fort Worth Apr. 13, 2017,

3

pet. filed). In both cases, we sustained the appellants' constitutional challenges to the extent that they complained of the constitutionality of the allocation of funds under sections 133.102(e)(1) and (6) but stated that "we heed the directive of the Texas Court of Criminal Appeals precluding us from applying its *Salinas* holding retroactively to modify [the] consolidated fee." *See Hawkins*, 2017 WL 1352097, at *3; *see also Horton*, 2017 WL 1953333, at *5. We are required to follow that same binding precedent here and therefore sustain Hurtado's sole point to the extent that it can be broadly read to challenge the specific subsections of 133.102(e) that were held unconstitutional in *Salinas*, but we are precluded from retroactively modifying Hurtado's consolidated court costs to delete the fees associated with those subsections. *See Salinas*, 2017 WL 915525, at *6; *Horton*, 2017 WL 1953333, at *5; *Hawkin*s, 2017 WL 1352097, at *3.

Having sustained Hurtado's sole point to the extent that sections 133.102(e)(1) and (6) are unconstitutional but having recognized the limitation placed on our ability to reform the judgment to delete the costs related to those subsections, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

4

DELIVERED:  July 27, 2017